UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. GIBBS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SHASTA, et al.,<br><br>　　　　Defendants. | No. 2: 18-cv-2594 MCE KJN P<br><br>ORDER |

Introduction

　　　　Plaintiff is a former jail inmate, proceeding pro se. On January 9, 2019, the undersigned recommended that this action be dismissed due to plaintiff's failure to pay the required filing fee or to file an in forma pauperis affidavit. On February 4, 2019, plaintiff filed an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). The findings and recommendations are vacated.

　　　　As set forth below, plaintiff is ordered to show cause why this action should not be dismissed.

Screening Standards

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

Plaintiff's Complaint

Named as defendants are County of Shasta, Stephanie A. Bridgett, District Attorney, and Cody Jones, Deputy District Attorney. Plaintiff alleges that defendants maliciously prosecuted plaintiff, holding him without bail in the Shasta County Jail for three years without bringing him to trial. Plaintiff seeks money damages.

Discussion

A malicious prosecution claim is viable under section 1983 when "the prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985) (*en banc*). Thus, a malicious prosecution plaintiff "must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). A malicious prosecution claim under § 1983 is based on state law elements. Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987). In order to establish a cause of action for malicious prosecution a plaintiff must plead and prove that "the prior proceeding, commenced by or at the direction of the malicious prosecution defendant, was (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice." Villa v. Cole, 4 Cal. App. 4th 1327, 1335 (1992).

Plaintiff's malicious prosecution claim is grounded in state law. Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004) ("We look to California law to determine the legal effect of the state court's action because we have incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983."). Under California law, "[a]n individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." Awabdy, 368 F.3d at 1068. California courts have found that, "as a matter of law, [ ] the favorable termination which is essential to the plaintiff in a malicious prosecution action cannot be based on the dismissal of the criminal charges remaining after the defendant in a criminal proceeding has entered a plea of nolo contendere to one or more of the charges in the accusatory pleading

3

pursuant to a plea bargain." Cote v. Henderson, 218 Cal. App. 3d 796, 804 (1990). In other words, "[t]he entire action must terminate in a plaintiff's favor in order for a plaintiff to maintain a claim for malicious prosecution." Nhia Kao Vang v. Decker, 607 F. App'x 728, 729 (9th Cir. 2015) (citing Crowley v. Katleman, 8 Cal. 4th 666 (1994)).

Here, public court records reflect that plaintiff pled to some of the charges and some of the charges were dismissed, apparently as part of a plea bargain:

> Review of Shasta County Superior Court records indicates that the cases petitioner challenges in this action have been resolved.[FN 1] Shasta County Superior Court records indicate that on November 21, 2018, petitioner was sentenced in case nos. 14F6355, 15F5464 and 15F5736, and case nos. 13M4757 and 14F4854 were dismissed. [FN2]
>
> Plaintiff's claims challenging case nos. 13M4757 and 14F4854 are moot because those cases were dismissed. Plaintiff's claims challenging case nos. 14F6355, 15F5464 and 15F5736 are also moot based on petitioner's convictions in those cases. See United States Parole Commission v. Geraghty, 445 U.S. 388, 395, 396 (1980) (a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); see also Yohey v. Collins, 985 F.2d 222, 228-229 (5th Cir. 1993) (claims seeking federal habeas relief for pretrial issues were mooted by petitioner's subsequent conviction). Medina v. State of California, 429 F.2d 1392, 1393 (9th Cir. 1970) (petition for writ of habeas corpus regarding revocation of bail was mooted by petitioner's subsequent conviction); Deere v. Superior Court, 2009 WL 23866 77 (9th Cir. 2009).
>
> [FN 1: A court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citing Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).]
>
> [FN 2: Petitioner filed this action on November 13, 2018.]

Gibbs v. Shasta County Superior Court, Case No. 2:18-cv-2963 KJN P (E.D. Cal.) (ECF No. 5 at 2). Shasta County court records show that on November 21, 2018, plaintiff was "sentenced on plea."[1] The instant action was filed on September 21, 2018.

Because Shasta County court records reflect that all of the claims against plaintiff were not resolved in his favor, his allegations do not support the conclusion that the "prior proceedings

---

[1] Shasta County court records are accessed at http://caselookup.shastacourts.com.

terminated in such a manner as to indicate his innocence." Nhia Kao Vang, 607 F. App'x at 729. He is therefore precluded from bringing a claim of malicious prosecution. Id. Accordingly, plaintiff is ordered to show cause why this action should not be dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 9, 2019 findings and recommendations (ECF No. 9) are vacated;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 10) is granted;

3. Within thirty days from the date of this order, plaintiff shall show cause why this action should not be dismissed with prejudice.

Dated: March 11, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gibb2594.osc